UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                              Plaintiff,

                                                        DECISION AND ORDER

                                                        08-CR-6020L
                                                        14-CV-6057L

               v.

KELVIN MITCHELL,


                              Defendant.
_____


        Defendant Kelvin Mitchell, has moved to vacate his conviction and sentence, pursuant to

28 U.S.C. § 2255, on the ground that his retained attorney before the district court provided

ineffective assistance of counsel.  Neither the law relative to such a motion nor the facts of this case

provide any basis for such relief.  The motion is therefore denied in all respects.


                              **BACKGROUND**


        Mitchell was indicted in 2008, along with four co-defendants, with engaging in a conspiracy

to possess with intent to distribute, and to distribute, cocaine, in violation of 21 U.S.C. § 846.  Dkt.

#76.

        In April 2010, the Government filed an information (Dkt. #126) advising Mitchell that if he

were to be convicted of the crime charged, he would be subject to a sentence of life imprisonment,

pursuant to 21 U.S.C. § 841(b)(1)(A).  That statute provides for a mandatory term of life

imprisonment for a defendant who has been convicted of certain drug crimes, after two or more prior

convictions for felony drug offenses. The notice recited three prior felony drug convictions: two in California in 1989, and one in North Carolina in 2002.

The following month, pursuant to a written plea agreement, Mitchell appeared before this Court and entered a plea of guilty to the one-count indictment. The agreement provided that Mitchell would cooperate with the Government with respect to the Government's investigation of other matters, in exchange for which the Government would withdraw the previously-filed information. That would have the effect of reducing Mitchell's mandatory minimum sentence from life imprisonment to twenty years.

Prior to sentencing, the Government filed a motion ("5K motion") for a downward departure under § 5K1.1 of the United States Sentencing Guidelines, based on Mitchell's cooperation pursuant to the plea agreement. Mitchell appeared before this Court for sentencing on December 20, 2011. Granting the Government's 5K motion, the Court issued a non-Guidelines sentence of 240 months' imprisonment, ten years of supervised release, and a $2000 fine. *See* Dkt.#165. That term of imprisonment was considerably lower than the applicable Guideline range of 292 to 365 months, which in turn was obviously far lower than the mandatory life sentence that Mitchell had been facing. *See* Dkt. #173 at 9.

Mitchell filed a timely notice of appeal, and his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no non-frivolous grounds on which to appeal, and asking to be relieved as counsel. The Second Circuit granted counsel's motion to withdraw, and dismissed the appeal on March 4, 2013. *See* Dkt. #175.

On February 5, 2014, Mitchell filed a *pro se* motion in this Court for relief under 28 U.S.C. § 2255 ("2255 motion"). Mitchell contends that contrary to the Government's prior representations and the advice of his then-attorney, he was not "facing [a] mandatory life [sentence]" at the time of his plea, and that he was "wrongly classified as a career offender" under § 4B1.1 of the Sentencing Guidelines. The Government opposes the motion.

- 2 -

**DISCUSSION**

The Court of Appeals for the Second Circuit has set forth the relevant legal framework as follows:

> A federal court may not vacate a sentence of a prisoner in federal custody unless it "was imposed in violation of the Constitution or laws of the United States, or ... the court was without jurisdiction to impose such sentence, or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  The Sixth Amendment right to effective counsel attaches at all "critical stage[s]" of the case following the "formal initiation of adversary judicial proceedings."

*United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (quoting 28 U.S.C. § 2255(a) and *Moran v. Burbine*, 475 U.S. 412, 429 (1986)), *cert. denied*, 558 U.S. 1137 (2010).

As the court in *Pitcher* went on to state,

> It is well settled that a defendant's Sixth Amendment right to counsel extends to plea negotiations.  To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that:  (1) counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error.

*Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986), and citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Mitchell's 2255 motion relates to 21 U.S.C. § 841(b)(1)(A), which provides that a defendant who has been found guilty of a violation of § 841, after having been convicted of two or more prior drug felonies, shall be sentenced to a term of life imprisonment without release.  Section 846, the conspiracy statute under which Mitchell was convicted, also provides that a defendant convicted under that statute "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."

As part of the plea deal in this case, the Government agreed to withdraw its prior information concerning three prior drug felonies, and to substitute an information listing only Mitchell's 2002 drug felony conviction in North Carolina.  *See* Dkt. #130.  That had the effect of taking Mitchell out of the reach of the mandatory-life provision of § 841(b)(1)(A).

- 3 -

On August 17, 2011, however–following Mitchell's guilty plea, but prior to his sentencing in December 2011–the Court of Appeals for the Fourth Circuit, sitting *en banc*, issued a decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), holding that a court should look to the maximum punishment that a particular defendant could have received under state law (in that particular case, North Carolina law), rather than using "an imagined worst-case offender" scenario. *See id.* at 249; *United States v. Valdovinos*, 760 F.3d 322, 325-26 (4th Cir. 2014).

In the case at bar, the Government concedes that Mitchell's particular circumstances may have warranted a maximum sentence of less than one year under North Carolina law, and in fact his actual sentence on the North Carolina conviction was ten to twelve months' incarceration. Dkt. #126 at 2.  But at the time of Mitchell's plea, *Simmons* had not been decided.  As a district court from the Fourth Circuit has stated with respect to the effect of *Simmons*, "an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Jordan v. United States*, No. 10-cr-665, 2014 WL 5312920, at *2 (D.S.C. Oct. 16, 2014) (quoting *Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995)).  *See also Gray v. United States*, 10-CR-146, 2014 WL 2917044 at * 10 (E.D.N.C. June 26, 2014) (holding in a § 2255 proceeding that the defendant "ha[d] no claim that counsel was ineffective for failing to predict" that *Simmons* would overrule previously good case law).

Moreover, Mitchell still has two California drug convictions on his record, for which he received sentences of one and three years.  The government also contends, and Mitchell does not deny, that after serving his one-year sentence, he was found to have violated the terms of his probation and was resentenced to three years' incarceration.  Since the mandatory life term required by § 841(b)(1)(A) requires only two prior drug felonies, it is thus immaterial whether Mitchell's North Carolina conviction exposed him to a life sentence or not.  Mitchell has therefore failed to show either that his then-attorney acted unreasonably at the time of his representation, or that any alleged errors on his part affected the result of the proceeding.

- 4 -

Mitchell also contends that his attorney should have objected to this Court's finding (which was in line with his Presentence Report) that Mitchell was a "career offender," Dkt. #173 at 4, 21. That claim is meritless.

Under § 4B1.1 of the Sentencing Guidelines,

[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

In the case at bar, both of Mitchell's California convictions were for controlled-substances offenses. *See* Dkt. #126.

Mitchell asserts, however, that his California convictions were so-called "wobblers" and thus do not count toward career-offender status. "In the parlance of California law enforcement, a violation of [a] statute is a 'wobbler' [if it] may be punished either as a felony or as a misdemeanor," *United States v. Diaz-Argueta*, 564 F.3d 1047, 1049 (9th Cir.), *cert. denied*, 558 U.S. 904 (2009). As the Supreme Court has explained, however, "a 'wobbler' is presumptively a felony and remains a felony except when the discretion is actually exercised to make the crime a misdemeanor." *Ewing v. California*, 538 U.S. 11, 16 (2003) (internal quotation marks omitted). *See also United States v. Adams*, 716 F.3d 1066, 1077 (8th Cir. 2013) (defendant's convictions were felonies for sentencing purposes in part because, "although each of the assault offenses may wobble between a felony and a misdemeanor, ... neither court [in which defendant was convicted] declared the convictions to be misdemeanors"), *cert. denied*, 134 S.Ct. 900 (2014).

The statute under which Mitchell was convicted, Cal. Health & Safety Code § 11352, is not a "wobbler" offense, however; "[f]ederal law treats this conviction as a felony ..., given that the crime was punishable by more than a year of imprisonment." *United States v. Powell*, 433 Fed.Appx. 693, 695 (10th Cir. 2011) (citing § 11352); *accord United States v. Holyfield*, No. 00-cr-439, 2011 WL 1322298, at *2-*3 (D.Colo. Apr. 6, 2011), *aff'd*, 703 F.3d 1173 (10th Cir. 2013).

Mitchell raises a number of other arguments relative to this issue, none of which have merit. He states that his one-year sentence on one of his prior convictions was suspended, but he fails to note that he was later sentenced to three years' incarceration on that conviction, after violating his probation.

Mitchell also contends that one of his convictions should not have been counted toward career-offender status (and that his attorney was ineffective for failing to make that argument) because it was consolidated with another felony in 1992, outside the time limit for career-offender status.

Section 4A1.2(e)(1) of the Sentencing Guidelines provides that

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

From Mitchell's assertions, the consolidation of his two felony convictions actually *supports* a finding of timeliness here, since the sentence on the second felony was not terminated until December 1995, less than fifteen years before Mitchell's commission of the instant offense. The offense charged here was alleged to have occurred between in or about January 2006 and in or about January 2008. *See* Dkt. #76. At the time of the entry of his guilty plea, Mitchell acknowledged that he was aware of that charge, and he admitted to the factual basis for the charge. *See* Dkt. #172 at 9-13, 28-29. I therefore find no grounds for finding ineffective assistance of counsel, or indeed any underlying error at all, or any grounds upon which counsel could reasonably have objected or sought a more lenient sentence.

Moreover, even if one of Mitchell's two California convictions were found to be outside the applicable time period, he would still have been facing a Guideline range of 235 to 293 months, as explained in the Government's brief, Dkt. #21 at 28. The sentence he received, 240 months, was not only within that range, it was at the lower end of that range. Considering the potential life sentence that Mitchell had been facing, his attorney did an exemplary job in negotiating the deal in question.

I have considered Mitchell's remaining claims concerning this Court's alleged participation in the plea negotiations, and the prejudice that he claims to have suffered as a result of all these matters, and find them to be without merit.  This Court did nothing more than advise defendant of his rights and ensure that his decision to plead guilty was both knowing and voluntary.  In addition, for the reasons stated above, I find no merit in Mitchell's contention that he should have been sentenced to 158 or 168 months (*see* Dkt. #176 at 3, 15).  Without the benefit of the plea agreement secured by his attorney, Mitchell would, if anything, be facing a considerably longer sentence than he in fact received.

## CONCLUSION

Defendant's motion to vacate (Dkt.#176) pursuant to 28 U.S.C. § 2255 is in all respects denied.  Defendant has failed to establish ineffective assistance of counsel.  He has failed to establish either prong of the test for establishing ineffective of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), or any other grounds for relief.

The Court denies a certificate of appealability because the defendant has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      February 9, 2015.